### HARDT et al. v. LEVY et al.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

1. RECEIVERS—ACCOUNTING—EXPENSES.
    Under an order to a referee to take and state the accounts of a receiver, and to "make all such just allowances as the receiver may be entitled to according to law," such receiver should be allowed all such proper expenses as he incurred in the discharge of his duty as such officer.

2. SAME—UNAUTHORIZED DISBURSEMENTS.
    It was error to expunge from the account stated by such referee all items of disbursement not made or deemed to have been made under specific orders of the court, and commissions to the receiver, on the alleged ground that such receiver had been improperly appointed, and that such receivership should not have been created, where the validity of his appointment was not before the court as an original question, it having already been sustained by the general term.

3. SAME—ATTORNEY'S FEES—VOUCHERS AS PROOF.
    But it was improper to allow the receiver for money paid by his attorneys for service which was part of their ordinary routine work, and not proven to have been a necessary disbursement; also, for "carpets and window shades"; also, for "trial fee, affidavits, &c.," "carriage hire, telegrams, &c.," "service of orders, &c.," "copying records," "lithographing requests to find," and "serving subpoenas,"—without other proof to support such items than vouchers showing only the fact of payment.

Appeal from special term, New York county.

Action by William A. Hardt and others against Julius Levy and others, impleaded. From an order sustaining exceptions to the report of a referee on the accounting of H. W. Gray, receiver, the receiver appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George Zabriskie, for appellant.
Ira Leo Bamberger, for respondents.

PATTERSON, J. This is an appeal by a receiver from an order made at the special term on a motion to confirm the report of a referee who was directed to take and state the accounts of such receiver of all property, assets, and effects which came into his hands; and the referee was explicitly instructed to "make all such just allowances as the receiver may be entitled to according to law." That phrase means all such proper, legitimate, and necessary outlay and expenses as the receiver incurred in the discharge of his duties, and pursuant to the authority with which he was invested by the court as its officer. The referee stated the account of

assets realized and of payments made, and reported that the receiver had faithfully performed his duties, and accounted for all that he had received. Exceptions were taken by two of the parties to the accounting to certain credits allowed by the referee, constituting important items of outlay made by the receiver in the administration of the receivership. The justice, at special term, sustained the exceptions, and expunged from the account all items of disbursement not made or deemed to have been made under specific orders of the court, and disallowed commissions to the receiver. The sole ground on which that action of the court was based is that the appellant "was improperly appointed receiver herein, and that the receivership should not have been created herein."

The subject of the validity of the receiver's appointment was not before the court as an original question, and its action founded upon the assumption by which it was influenced was erroneous. The referee was acting strictly within the requirements of the order appointing him. He was performing only the duty devolved upon him. The order commanded him to make "just allowances," and he properly apprehended the force of that command in its general meaning, although some of his conclusions as to particular items were not authorized by the evidence. The order recognized the right of the receiver to have proper credits allowed him, and the circumstances under which that order was made, and the proceedings subsequent to its entry, establish the receiver's right to such proper credits; the propriety at that stage depending, not upon a debatable question of the validity of the order under which he acted as receiver, but upon the nature of the payments for which he asked credit. The order was entered upon the denial of a motion made by the defendant Moses Levy; among other things, seeking to vacate the receivership. The ground of the motion was "that the order appointing the receiver was granted without jurisdiction, and was wrongfully obtained by the plaintiff." Directly involved in the very motion as the outcome of which the accounting was ordered, was the question of the validity of the appointment of the receiver so far as the jurisdiction to appoint was concerned. An appeal from that order was taken to the general term, and it was there affirmed (79 Hun, 348, 29 N. Y. Supp. 373), the court remarking that "the burden of expenses necessarily and in good faith incurred by him while attempting to carry out the orders of the court" should not be inflicted upon the receiver personally. The court below gave no heed to this determination of the appellate branch of the court as it then was constituted. In this very proceeding, and upon a consideration of the identical order under which this receiver acted, the general term, with all the circumstances under which the receiver was originally appointed before it, with the whole history of the action in which he was so appointed and all the grounds of challenge of that appointment made plain to it, refused to vacate the appointment, and thus affirmed its validity, and recognized the receiver's right to protection in all that he properly had done as receiver. It is obvious that the justice at special term failed to perceive that the question had been fully passed upon in proceed-

ings growing out of the order before him; and, while the decisions of the special and general terms may not have been technically binding as adjudications on the present exceptants, still their effect was indubitably to establish a rule of decision applicable to the question of the validity of the receiver's appointment by whomsoever that question might be raised, if brought up on the same record, under the same state of facts, and on the same point of jurisdiction. No new feature pertaining to the appointment of the receiver has been brought to the notice of the court, and the decision of the general term should have been followed, for it was controlling as authority.

We approve the findings of the referee as to most, but not as to all, the specific items rejected by the court. Every payment actually made by the receiver was so made while the order of his appointment was standing intact and unreversed, and while he was discharging the duty committed to him by the court; and that constitutes a radical difference between this case and those cited in the opinion of the court below on this motion. The payments made to the attorneys for services in this action, and in Gray against Levy, were proper and lawful payments, fully justified by the necessities of the situation; and, according to the testimony relating to the details of the services, the amounts paid were reasonable. The two sums of $250, for opposing motions to vacate the order appointing the receiver, and making the motion to vacate the leave granted to the Kings County Trust Company to sue the receiver, are not excessive, in view of the fact that those charges include services rendered in the preparation and argument of appeals from both orders. It is too late for the trust company to take the objection that the receiver had no standing in court on either of those motions. It should have been raised at the time those motions were made. But it is unavailable in any event, as the court permitted him to be heard, and recognized him on the motions. These charges should be allowed, and all others found by the referee except those following. The amount paid by the receiver's attorney to Mr. Day ($550) is not proven to have been a necessary disbursement, and there is no adequate reason shown for his employment to perform service which was part of the ordinary routine work of those attorneys themselves, and which, from aught that appears, might have been as well performed by correspondence. The items charged for carpets and window shades should have been disallowed. There was no proof to sustain the item "trial fee, affidavits, &c., $52.39"; and the same may be said of the items "carriage hire, telegrams, &c., $14.75"; "service of orders, &c., $31.35"; "copying records, $45.00"; "lithographing requests to find, $24.00"; "serving subpœnas, $408." There is no proper proof to support them, and, as they were duly objected to, they cannot be allowed. The production of vouchers for them does not prove the necessity of the expenditures, but only the fact of payment.

The referee also allowed certain amounts in reduction of the balance in the receiver's hands, which cannot be sustained. Six hun-

dred dollars is thus fixed as compensation to the receiver's attorneys for services on this accounting. According to Mr. Burrill's own testimony, the actual service rendered was worth only $250, and that is all that should have been allowed. The rest of the charge was for prospective services if an appeal were taken; but the estate should not be charged with that under the circumstances of the case. Commissions were properly allowed the receiver. He was acting under the order of the court. He was fully authorized, and was required to perform the duties of the receivership. He diligently and in good faith performed his duty. His functions were not terminated until after the reversal of the judgment in this case and in the Gray action, and he has done nothing to deprive himself of the right to compensation. Had the order of his appointment ever been revoked, a different situation, requiring perhaps a different conclusion, would have been presented.

The order of the court below must be reversed, and the motion to confirm the report of the referee be granted, except as to the items hereinabove mentioned as having been improperly allowed; and as to them the exceptions should be sustained, and the receiver's account must be resettled and readjusted by omitting such items therefrom, with costs to the appellant. All concur.